# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STACEY INGRAM,

    Petitioner,

v.                                       Case No. 06-CV-14955

CLARICE STOVALL,

    Respondent,
_____/

## THIRD ORDER COMPELLING PRODUCTION OF STATE COURT RECORD

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 3, 2006, Magistrate Judge R. Steven Whalen signed an order of responsive pleading requiring Respondent to file an answer in accordance with Rule 5 of the habeas corpus rules by May 10, 2007. Respondent filed an answer to the petition on May 9, 2007. Respondent, however, failed to file the Rule 5 materials with the answer. On June 14, 2007, Magistrate Judge R. Steven Whalen signed a second order compelling production of state court record, in which he ordered Respondent to provide the Rule 5 materials to the court within twenty one days of the order or to show cause why Respondent is unable to do so. To date, Respondent has failed to provide these materials to the court, despite being ordered to do so twice, or to show cause why these materials could not be produce.

The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order,

1

on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. "When this information is required, it is the State's responsibility to provide it." *Griffin,* 308 F. 3d at 654. The general rule is that a district court must review the entire state court trial transcript in federal habeas cases, and where substantial portions of that transcript were omitted before the district court, the habeas case should be remanded to the District Court for consideration in light of the full record. *See Adams v. Holland,* 330 F. 3d 298, 406 (6th Cir. 2003). It is reversible error for a district court to fail to review the transcripts upon which a habeas petitioner's claims depend. *See Shaw v. Parker,* 27 Fed. App'x 448, 450 (6th Cir. 2001). Accordingly,

IT IS ORDERED that Respondent shall produce the Rule 5 materials **within fourteen (14) days** of the date of this order or show cause why the materials cannot be produced. If Respondent fails to submit the relevant portions of the record as directed, any doubts as to the record shall be resolved in the Petitioner's favor. See *Horton v. Jones*, 2006 WL 2161166, * 1 (E.D. Mich. July 31, 2006).

                                                    S/Robert H. Cleland
                                                    ROBERT H. CLELAND
                                                    UNITED STATES DISTRICT JUDGE

Dated: September 6, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 6, 2007, by electronic and/or ordinary mail.

                                       S/Lisa Wagner
                                       Case Manager and Deputy Clerk
                                       (313) 234-5522